### KENT *v.* HUTCHINS & TRUSTEE.

A trustee who is not chargeable and is not guilty of fraud or unnecessary delay, is entitled to costs against the plaintiff.

But when the trustee is guilty of any of the fraudulent acts enumerated in sec. 43, ch. 230, of the General Statutes, the statute is peremptory that he shall pay costs, even though not chargeable as trustee.

If the jury, in deciding whether the trustee is chargeable or not, under the instructions of the court, find that the trustee is not guilty of any of the acts specified in sec. 43, ch. 230, General Statutes, the court may in its discretion adopt such finding of the jury as the basis of its action in regard to costs, or it may adopt its own views of the evidence as the basis, and act accordingly.

FOREIGN ATTACHMENT. Richard P. Kent *v.* Alpheus Hutchins and Olive Hutchins, trustee. Writ dated Oct. 19, 1867. Plaintiff, after

taking trustee's disclosure, elected trial by jury. The evidence and instructions were such that the trustee must have been found chargeable if the jury found that she had done any of the acts mentioned in section 43 of chapter 230, General Statutes. Verdict, "not chargeable." Plaintiff then moved for costs against trustee under the above section. Upon considering the evidence introduced at the trial, the court found that it was more probable than otherwise that the trustee had done some of the acts specified in the above section ; but the motion for costs against the trustee was denied, subject to exception. No motion was made to set aside the verdict of the jury as against evidence; and if such motion had been made, it would have been denied.

The case was reserved (including all questions discretionary with the court at the trial term).

*Bentons, and Fletcher & Heywood,* for plaintiff.

*Whidden, and Burns & Heywood,* for trustee, cited and commented on *Hills* v. *Smith,* 28 N. H. 369, and *Bell* v. *Glazier,* 13 N. H. 134.

SARGENT, J. The General Statutes, chap. 230, sec. 43, provide that " when it appears that the trustee has received the property of the defendant, or a conveyance or bill of sale thereof, in trust for the defendant, or by absolute conveyance with a secret trust, or has done any other act in relation thereto with intent to aid him in defeating or delaying a creditor, costs shall be taxed against such trustee."

If the trustee has not been guilty of fraud in any of these ways, or of unnecessary delay, he is entitled to costs against the plaintiff, when he is held not chargeable as trustee. *Hills* v. *Smith,* 28 N. H. 369. But if the trustee has been guilty of fraud in any of the ways specified in the statute, he will be ordered to pay costs, even though not chargeable as trustee. *Sise* v. *Drew,* 18 N. H. 409, 414 ; *Smith* v. *Brown,* 43 N. H. 44. In the last two cases cited, the question as to whether the trustees were chargeable did not depend upon the question as to whether they had by their acts made themselves liable for costs. But here the case finds that, in order to discharge the trustee, as the jury did, they must have found, under the instructions of the court, that she was not guilty of any of the acts mentioned in said section 43.

The jury then in this case have passed upon all the facts which were necessary to be settled in order to determine the question of costs, as well as the question of the liability of the trustee. And the question is, Shall the court accept that finding as the basis of their order in relation to costs, as well as the basis of their judgment discharging the trustee ?

The case finds that the court would not have set aside the verdict as being against evidence, although the court upon a review of the evidence would have come to a different result from that arrived at by the jury. The finding of the jury is conclusive upon the question of the trustee's liability as trustee, but not necessarily so upon her liability to pay costs. We hold that the court may in its discretion adopt the

finding of the jury as the basis of its action in regard to costs, or it may adopt its own views of the evidence as the basis, and act accordingly. A case might arise where the court would feel called upon to ignore the finding of the jury, so far as it might bear upon the question of costs, and act entirely upon its own views of the evidence. But probably the more usual and the more satisfactory course is the one adopted in this case.

We do not mean to be understood that it is a matter of discretion with the court whether the trustee shall be charged with costs, if a case is made out against him under sec. 43 of chap. 230, Gen. Statutes, for we understand the statute to be peremptory in that case ; but, in determining whether a case is thus made out under that section, the court may in its discretion act upon the finding of the jury or its own view of the evidence.

In matters of discretion, no exception lies to the ruling as matter of right. But in this case the court reserved the question as to the proper exercise of the discretion, and our opinion is that the discretion was properly and wisely exercised.

*Exception overruled.*